IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

DAWN CZERMAK,

     PLAINTIFF,

vs.                                                           CASE NO. CV-05-J-1269-NW

AMERICAN MEDICAL SECURITY,
INC., et al.,

     DEFENDANTS.

## MEMORANDUM OPINION

This case was removed from the Circuit Court of Lauderdale County by defendants American Medical Security, Inc. ("AMS") and United Wisconsin Life Insurance Company ("UWLIC") (doc. 1). Thereafter, the plaintiff filed a motion to stay consideration of defendants' motions to dismiss (doc. 2), defendant AmSouth filed a renewed motion to strike jury demand (doc. 3), and plaintiff filed a motion to remand (doc. 4), evidence (doc. 5), a brief in support of said motion (doc. 6) and evidentiary submissions in support of plaintiff's brief (doc. 7). Having considered said pending motions and other pleadings, the court finds as follows:

This case was originally filed in the Circuit Court of Lauderdale County, Alabama, on January 31, 2005. Exhibit 2 to Notice of Removal. On May 11, 2005, the plaintiff filed a second amended and restated complaint. Exhibit 34 to Notice of Removal. Plaintiff alleges that, in 1995, she was solicited by one or more of the

defendants in this case to purchase insurance which was represented as a policy that was "guaranteed group insurance renewable upon payment of premium." Amended complaint, ¶ 5. The plaintiff purchased the policy in question, which provided benefits for comprehensive major medical coverage. *Id*. The group policy was created as an Alabama Discretionary Trust called "Prescription for Good Health Trust." *Id*., ¶ 6. Defendant Amsouth served as trustee. *Id*. In 2004, plaintiff learned that the policy rates were actually set based upon individual risk factors and that each policy was based on a "group" of one so that individual criteria could be considered. *Id*., ¶ 7. After purchasing the policy, the plaintiff submitted claims for routine medical care and her policy rates were increased. *Id*., ¶ 8. Because of ever escalating premiums, in April 1999, the plaintiff canceled the policy. *Id*.

The plaintiff asserts that she did not learn that the premiums were based on individual factors until 2004 when she received notice of a class action against these very defendants. Amended complaint, ¶ 9. Plaintiff's amended complaint states claims for breach of contract (Counts I and V), various forms of fraud (Counts II, III and VII), conspiracy (Count IV), negligence/wantonness (Count VI) and breach of good faith and fair dealing (Count VI) against all three defendants. She also sued defendant AmSouth for breach of fiduciary duty (Count VIII) and further breach of contract (Count IX).

Defendants assert this removal was timely under 28 U.S.C. § 1446(b) because it was filed within thirty days of receipt of plaintiff's response to amended second request for admissions of defendants, dated May 10, 2005.  Exhibit A to Notice of Removal.  In said responses, upon being asked to admit that she is seeking less than $75,000.00, plaintiff responds as follows:

> Pursuant to applicable legal precedent, the Plaintiff is not required to admit or deny this type of request for admission and, therefore, denies same.

Exhibit A, at 1-2.

With this non-answer in hand, defendants AMS and UWLIC filed a notice of removal, asserting that defendant AmSouth was fraudulently joined and that this court has jurisdiction under 28 U.S.C. § 1332.  Notice of Removal, ¶¶ 9, 12.  Defendants reach this conclusion based on AmSouth's "responsibilities and duties with respect to group health insurance ... are embodied in the Prescription for Good Health Trust Agreement ... and, under that agreement, AmSouth has no responsibility for administration of the health coverage at issue."  Notice of Removal, ¶ 17.  However, that agreement also states that the Trustee, which is AmSouth, will be the holder, owner and custodian of the contracts.  Notice of Removal, ¶ 17.  The parties do not dispute that AmSouth is not diverse from the plaintiff for purposes of 28 U.S.C. § 1332.  *See e.g.*, Notice of Removal, ¶ 12.

The court does not consider the plaintiff's responses to the requests for admissions in question to demonstrate that the amount in controversy is indeed more than $75,000.00, exclusive of interests and costs.[1]  However, setting aside this concern, the court finds diversity, and hence diversity jurisdiction, to be lacking.

"Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity – every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996), rev'd on other grounds*, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). *See also Carden v. Arkoma Associates*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 94 L.Ed.2d 615 (1990) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship); citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806).

The only means by which this case may remain in this court is if the lack of diversity which appears on the face of the complaint is through the fraudulent joinder of the non-diverse party, as alleged by the defendants.  Joinder is fraudulent when

---

[1]The plaintiff paid the following amounts for the insurance in question:

| | |
|---|---|
| April 1995-March 1996: | $261.63/month |
| April 1996-March 1997: | $253.22/month |
| April 1997-March 1998: | $281.00/month |
| April 1998-March 1999: | $367.67/month |
| April, 1999: | $446.84/month |
| Total: | $14,409.08 |

The plaintiff avers that in April, 1996 and again in April, 1997, she decreased her coverage to keep the premium payments at an amount she could afford.

"there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.,* 991 F.2d 1533 (11th Cir.1993).

> "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998).

The defendants, as the parties removing the action to federal court, have the burden to establish federal jurisdiction. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996). All doubts (and uncertainties) about federal court jurisdiction must be resolved in favor of a remand to state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)); *Diaz*, 85 F.3d at 1505. "The burden of the removing defendant is a 'heavy one.' To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and

must resolve any uncertainties in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997) (citation omitted).[2]

Plaintiff alleges in her complaint that each of the defendants engaged in breach of contract, fraud, fraudulent concealment, conspiracy, and negligent and/or wanton conduct. She further alleges that defendant AmSouth breached its fiduciary duty to the plaintiff. The defendants argue that the plaintiff cannot prevail on any of these claims against AmSouth because the statute of limitations has run on all of them. Notice of Removal, ¶ 24. Defendants argue the statute should run from the date of the sale of the policy, while the plaintiff argues that the statute would run from the date she discovered that she had not purchased a "group policy."

To establish a claim for fraud or fraudulent concealment under Alabama law, the plaintiff must prove: "(1) [T]hat the defendant had a duty to disclose a material fact; (2) that the defendant concealed or failed to disclose this material fact; (3) that the defendant's concealment or failure to disclose this material fact induced the plaintiff to act or to refrain from acting; and (4) that the plaintiff suffered actual damage as a proximate result of being induced to act or to refrain from acting." *Soti*

---

[2] This court is cognizant of the Eleventh Circuit's admonition in *Burns v. Windsor Insurance Company*, 31 F.3d 1092, 1095 (11th Cir.1994), where the Court stated "Federal courts are courts of limited jurisdiction. While a defendant does have a right, by statute, to remove in certain situations, plaintiff is still the master of his own claim (citations omitted). Defendant's right to remove and plaintiff's right to chose his own forum are not on equal footing ... removal statutes are construed narrowly ... uncertainties are resolved in favor of remand (citations omitted)."

*v. Lowe's Home Centers, Inc.*, 2005 WL 78758, *6 (Ala.2005).  See also *Waddell & Reed, Inc. v. United Investors Life Ins. Co.,* 875 So.2d 1143, 1161 (Ala.2003) (quoting *State Farm Fire & Cas. Co. v. Slade,* 747 So.2d 293, 323-24 (Ala.1999)).

As to whether the plaintiff should have discovered the alleged fraud prior to receipt of the class action settlement against these very defendants, the standard under Alabama law is as follows: "a party is deemed as a matter of law to have discovered a fraud upon either (1) the actual discovery of the fraud, or (2) when the party becomes privy to facts that would provoke inquiry in a reasonable person that, if followed up, would lead to the discovery of the fraud whichever is earlier."  *Ex parte Alabama Farmers Co-op., Inc.,* 2004 WL 2757418, *2 (Ala.2004).  *See also Jefferson County Truck Growers Ass'n v. Tanner,* 341 So.2d 485, 488; *Auto-Owners Ins. Co. v. Abston,* 822 So.2d 1187, 1195 (Ala.2001).

This court has nothing before it to determine when the plaintiff should have discovered the alleged fraud.  The court considers this argument to go to the merits of the plaintiff's claim against the defendants, which is not the issue before this court.  The fact that plaintiff may not ultimately prevail against any of the defendants, including AmSouth, is not a proper inquiry for this court in considering a motion to remand.  Rather, this court may only consider whether the plaintiff has the possibility of stating a valid cause of action against the non-diverse defendant.  *Triggs*, 154 F.3d

at 1287. Defendant AmSouth was the holder, owner and trustee of these policies. Even assuming without deciding that plaintiff's other claims against the defendants are barred by the various statutes of limitations, the court cannot determine when the alleged fraud became discoverable.[3] This is a factual issue, more appropriate for a summary judgment motion than a motion to remand.

At least one claim against defendant AmSouth meets the requirement of "a possibility" of stating a valid cause of action. That is all that is necessary for joinder not to be fraudulent. The allegation that AmSouth fraudulently concealed the type of insurance the plaintiff purchased and/or conspired with the other defendants to conceal the true nature of the policy in question, possibly states a valid cause of action.

Having reviewed the allegations set forth in the plaintiff's amended complaint, the court finds such allegations do state a possible cause of action against the resident defendant. The plaintiff need not have a winning case against the allegedly fraudulent defendant; she need only have a possibility of stating a valid cause of action in order

---

[3] Because the court is of the opinion that the plaintiff has a possibility of stating a valid cause of action for fraud against the non-diverse defendant, the court does not need to delve into the viability of each of the claims. Rather, as only one stated cause of action must have a possibility of validity to destroy diversity jurisdiction, the court makes no judgment as to any cause of action stated in the complaint other than the claims for various forms of fraud.

for the joinder to be legitimate. *Triggs*, 154 F.3d at 1287. That possibility exists in the pleadings before this court.

Having found that the plaintiff has stated a claim against the non-diverse defendant, this court finds that complete diversity between all parties is lacking. *See* 28 U.S.C. §§ 1332 and 1441(b)("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought"). Thus, the court finds that the joinder was proper and must remand the case to the state court. *See Coker*, 709 F.2d at 1440-41.

The court having considered the foregoing and finding that this case has been improvidently removed, the court shall grant the plaintiff's motion to remand this case to the Circuit Court of Lauderdale County, Alabama, by separate Order.

**DONE** this the 28th day of June, 2005.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE